UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY ___ D.C.
APR 0 2 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CASE NO. **19-60083-CR-ZLOCH/HUNT**

21 U.S.C. § 841(a)(1)

**UNITED STATES OF AMERICA**

vs.

**JEAN JAMESON,**

**Defendant.**

_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Distribution of a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about September 25, 2018, in Broward County, in the Southern District of Florida, the defendant,

**JEAN JAMESON,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and that the use of such substance resulted in the death of A.M.

## COUNT 2
### Distribution of a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about October 10, 2018, in Broward County, in the Southern District of Florida, the defendant,

**JEAN JAMESON,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

## COUNT 3
### Distribution of a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about October 18, 2018, in Broward County, in the Southern District of Florida, the defendant,

**JEAN JAMESON,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **JEAN JAMESON**, has an interest.

2. Upon conviction of a violation of Title 21, United States Code, Section 841(a)(1), as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

*Thomas J. Mulvihill for*
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
ROBERT JUMAN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA       CASE NO. _____

vs.
                                                    **CERTIFICATE OF TRIAL ATTORNEY***
JEAN JAMESON,

                  **Defendant.**
_____ /  **Superseding Case Information:**

**Court Division**: (Select One)          New Defendant(s) ____ Yes ____ No
                                          Number of New Defendants ____
    Miami ____   Key West ____        Total number of counts ____
    FTL _X_      WPB ____    FTP ____

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)    _No_
   List language and/or dialect   _____

4. This case will take   _3_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                              (Check only one)

   I    0 to 5 days      _X_          Petty       ____
   II   6 to 10 days     ____         Minor       ____
   III  11 to 20 days    ____         Misdem.     ____
   IV   21 to 60 days    ____         Felony      _X_
   V    61 days and over ____

6. Has this case been previously filed in this District Court?   _NO_   (Yes or No)
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   _No_
   If yes:
   Magistrate Case No.
   Related Miscellaneous numbers:
   Defendant(s) in federal custody as of
   Defendant(s) in state custody as of
   Rule 20 from the District of

   Is this a potential death penalty case?   _____ (Yes or No)

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ____Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ____Yes   _X_ No

                                                  _____
                                                  ROBERT JUMAN
                                                  ASSISTANT UNITED STATES ATTORNEY
                                                  Florida Bar No./Court A5502228

Penalty Sheet(s) attached                                                REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JEAN JAMESON        **Case No**: _____

Count: 1

Distribution of a controlled substances namely a mixture or substance containing a detectable amount of Fentanyl resulting in the death of A.M.

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)

* **Max. Penalty:** : Life (mandatory minimum 20 years') imprisonment; a term of supervised release of at least 3 years' and up to a maximum term of life; $1,000,000 fine.

Counts: 2-3

Possession with Intent to Distribute of a Controlled Substance

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)

*__Max. Penalty:__ 20 years' imprisonment; 3 years' supervised release; $1,000,000 fine.

Count:

_____

_____

*__Max. Penalty:__

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.